KIRBY AISNER & CURLEY LLP
*Attorneys for Secured Creditor Fairbridge Credit LLC*
700 Post Road, Suite 237
Scarsdale, New York 10583
Tel: (914) 401-9500
Erica R. Aisner, Esq.
eaisner@kacllp.com

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------X
In re:

19 COOPER STREET LLC,

                      Debtor.
---------------------------------------------------------X

Chapter 11
Case No. 23-44663-ESS

# FAIRBRIDGE CREDIT LLC'S MOTION FOR ENTRY OF AN ORDER (I) CONDITIONALLY APPROVING THE FIRST AMENDED DISCLOSURE STATEMENT (II) ESTABLISHING PROCEDURES AND APPROVING FORMS AND DEADLINES FOR SOLICITATION, VOTING, AND TABULATION OF VOTES, AND (III) SCHEDULING A COMBINED HEARING FOR FINAL APPROVAL OF THE FIRST AMENDED DISCLOSURE STATEMENT AND CONFIRMATION OF THE FIRST AMENDED CHAPTER 11 PLAN

**TO:**     **HONORABLE ELIZABETH S. STONG**
           **UNITED STATES BANKRUPTCY JUDGE:**

Fairbridge Credit LLC ("Fairbridge"), a secured creditor of the debtor and debtor-in-possession, 19 Cooper Street LLC (the "Debtor") and plan proponent, as and for its motion (the "Motion") seeking entry of an order (i) conditionally approving its First Amended Disclosure Statement (the "Disclosure Statement", ECF No. 91 ) in connection with Fairbridge's First Amended Chapter 11 Plan for the Debtor (the "Plan", ECF No. 90); (ii) establishing procedures and approving forms and deadlines for solicitation, voting and tabulation of votes (the "Solicitation Procedures"); and (iii) scheduling a combined hearing to consider final approval of the Disclosure Statement and confirmation of the Plan (the "Combined Confirmation Hearing") respectfully sets forth as follows:

## JURISDICTION

1.      The Court has jurisdiction over this proceeding pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b).

2.      The statutory predicate for the relief requested herein is 11 U.S.C. § 105(d)(2)(B)(vi).

## BACKGROUND

3.      On December 15, 2023 (the "Petition Date"), the Debtor filed a petition for relief under chapter 7 of title 11 of the United States Code (the "Bankruptcy Code") with the United States Bankruptcy Court for the Eastern District of New York (the "Bankruptcy Court"). The Debtor owns the real property known as and located at 19 Cooper Street, Brooklyn, New York 11207 (the "Property")

4.      As set forth in the proof of claim, timely filed with this Court on August 20, 2024 (Claim Number 3), Fairbridge holds a first mortgage lien against the Property, in the amount of $1,235,862.14 due and owing as of the Petition Date.

5.      On January 25, 2025, Fairbridge filed a motion to convert the Debtor's Chapter 7 case to Chapter 11 case [ECF Doc. #51] which was approved on March 31, 2025 [ECF No. 59].

6.      By an Order entered on June 27, 2025 [ECF Doc. # 71] the Court terminated the exclusivity period for filing a Chapter 11 plan thereby allowing Fairbridge to proceed with the filing of the Plan and seeking confirmation thereof.

7.      On June 27, 2025, Fairbridge filed its Chapter 11 plan for the Debtor [ECF Doc # 72] and initial disclosure statement, dated June 27, 2025 [ECF Doc #73].

8.      On September 29, 2025 Fairbridge filed its First Amended Plan dated September

18, 2025 and its First Amended Disclosure Statement dated September 18, 2025. A copy of the Disclosure Statement which includes a copy of the Plan as an exhibit, is annexed to this Motion as **Exhibit A.**

9. By this Motion, Fairbridge seeks authority to proceed on the expedited timeline for approval of the Disclosure Statement and confirmation of the Plan, as set forth more fully herein, which will move this long pending Chapter 11 Case towards resolution.

## THE PLAN AND DISCLOSURE STATEMENT

10. Fairbridge seeks a Combined Confirmation Hearing which it submits will provides the most efficient means to successfully conclude this Chapter 11 Case while maximizing the value of the Debtor's estate and distribution to creditors.

11. The Disclosure Statement sets forth the background of the Chapter 11 Case, a summary of the Plan and classification and treatment of creditors and stakeholders thereunder, means for implementation of the Plan and details about the sources and uses of funding required thereunder, and additional plan provisions including, but not limited to, the treatment of disputed claims, injunctions and retention of jurisdiction.

12. The Disclosure Statement contains information about confirmation requirements, voting, possible pathways to confirmation (consensual and cram down), rights and deadlines to objection to confirmation, tax consequences of confirmation, and alternatives to the Plan and confirmation thereof.

## RELIEF REQUESTED AND BASIS FOR RELIEF

13. By this Motion, and pursuant to §§ 105(a), 1125, 1126, and 1128 of the Bankruptcy Code; Bankruptcy Rules 2002 and 3017, and Rule 3017-1 of the Local Bankruptcy Rules for the Eastern District of New York (the "Local Rules"), Fairbridge seeks entry of an order

approving conditionally approving the Disclosure Statement, scheduling the Combined Confirmation Hearing, establishing the Solicitation Procedures, and approving the forms of Ballots and Notices, and granting related relief. A copy of the proposed scheduling order (the "Scheduling Order") is annexed hereto as **Exhibit B**

14. In connection with the foregoing, Fairbridge requests that the Court approve (subject to the availability of the Court's calendar) the following schedule of proposed dates related to the relief requested in this Motion (the "Plan Confirmation Schedule"):

| Event | Date/Deadline |
|---|---|
| Commencement of Solicitation | October 24, 2025 |
| Plan and Disclosure Statement Objection Deadline | November 18, 2025 |
| Voting Deadline | November 18, 2025 |
| Certification of Ballots Deadline | November 21, 2025 |
| Combined Confirmation Hearing | November 25th, 2025 at 10:30 a.m. |

15. Below is a list of attachments and exhibits referenced in the Motion:

| Attachment/Exhibit | Exhibit |
|---|---|
| Disclosure Statement | **Exhibit A** to Motion |
| Plan | Exhibit to Disclosure Statement |
| Scheduling Order | **Exhibit B** to Motion |
| Ballot | **Exhibit C** to Motion |

16. Fairbridge hereby requests entry of orders finding, on conditional and final basis, that the Disclosure Statement contains "adequate information," thereby satisfying the Bankruptcy Code's prerequisite for allowing solicitation of votes on the Plan. *See* 11 U.S.C. § 1125(b). The Bankruptcy Code defines "adequate information" as "information of a kind, and in sufficient detail, as far as is reasonably practicable in light of the nature and history of the debtor… that would enable such a hypothetical investor of the relevant case to make an informed judgment about the plan" 11 U.S.C. § 1125(a); *see also In re Ferretti*, 128 B.R. 16, 18 (Bankr.

D.N.H. 1991) (a disclosure statement "must clearly and succinctly inform the average unsecured creditor what it is going to get, when it is going to get it, and what contingencies there are to getting its distribution.").

17. In evaluating whether a disclosure statement provides "adequate information," courts adhere to § 1125 of the Bankruptcy Code's instruction that making this determination is a flexible exercise based on the facts and circumstances of each case and is within the broad discretion of the court. *See* 11 U.S.C. § 1125(a)(1) ("'[A]dequate information' means information of a kind, and in sufficient detail, as far as is reasonably practicable *in light of the nature and history of the debtor and the condition of the debtor's books and records*") (emphasis added); *In re Ionosphere Clubs, Inc.*, 179 B.R. 24, 29 (S.D.N.Y. 1995) ("The determination of what is adequate information is subjective and made on a case-by-case basis. This determination is largely within the discretion of the bankruptcy court.")

18. In making a determination about the adequacy of the information, bankruptcy courts typically consider the following "non-exhaustive" list of factors:

> (1) the events which led to the filing of a bankruptcy petition; (2) a description of the available assets and their value; (3) the anticipated future of the company; (4) the source of information stated in the disclosure statement; (5) a disclaimer; (6) the present condition of the debtor while in Chapter 11; (7) the scheduled claims; (8) the estimated return to creditors under a Chapter 7 liquidation; (9) the accounting method utilized to produce financial information and the name of the accountants responsible for such information; (10) the future management of the debtor; (11) the Chapter 11 plan or a summary thereof; (12) the estimated administrative expenses, including attorneys' and accountants' fees; (13) the collectability of accounts receivable; (14) financial information, data, valuations or projections relevant to the creditors' decision to accept or reject the Chapter 11 plan; (15) information relevant to the risks posed to creditors under the plan; (16) the actual or projected realizable value from recovery of

> preferential or otherwise voidable transfers;(17) litigation likely to arise in a non-bankruptcy context; (18) tax attributes of the debtor; and (19) the relationship of the debtor with affiliates.

*Id.* (quoting *In re Metrocraft Pub. Servs., Inc.*, 39 B.R. 567, 568 (Bankr. N.D. Ga. 1984)). Importantly, "[d]isclosure of all factors is not necessary in every case." *Id.* (alteration in original).

19. Here and as set forth above, aside from containing the Plan itself as an exhibit, the Disclosure Statement contains adequate information to allow the voting classes of creditors to make an informed judgment regarding the Plan.

20. Furthermore, in accordance with Bankruptcy Rule 3017, the dates set forth above and the forms annexed hereto will ensure that all creditors and stakeholders receive clear and adequate notice and a fair opportunity to participate in the confirmation process.

21. Fairbridge submits that the proposed procedures provide for an orderly process in compliance with the Bankruptcy Code, Bankruptcy Rules and Local Rules.

## **NOTICE**

22. Notice of this Motion has been or will be provided to the following parties (or their counsel): (a) the Debtor, (b) all known creditors of the Debtor including parties who filed proofs of claim, (c) all known equity interest holders in the Debtor, (d) the U.S. Trustee, and (g) all parties who filed a request for service of notices under Bankruptcy Rule 2002.

**WHEREFORE,** Fairbridge respectfully requests that the Court enter the Scheduling Order granting the relief requested herein and such other and further relief as the Court deems just and proper.

Dated: Scarsdale, New York
September 29, 2025

                                              KIRBY AISNER & CURLEY LLP
*Counsel for Fairbridge Credit LLC*
700 Post Road, Suite 237
Scarsdale, New York 10583
eaisner@kacllp.com

By: */s/ Erica R. Aisner*
      Erica R. Aisner, Esq.